DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:06 CR 113 |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | ANALYZING THE SENTENCING |
| Gregory Keith Jones, | ) | FACTORS SET FORTH IN 18: U.S.C. |
| | ) | §3553(a) |
| Defendant(s). | ) | |
| | ) | |

The Court sets forth its analysis of the sentencing factors required by *Booker* and the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

(a) **Factors to be considered in imposing a sentence.**

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

### (1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The defendant entered pleas of guilty to eight bank robberies beginning on October 31, 2005 and ending on February 1, 2006. In each of the bank robberies, with the exception of the attempted bank robbery on November 29, 2005, the defendant was successful in taking various sums of money ranging from as low as $1,010 on December 9, 2005, to the maximum of $5,730 in the last bank robbery on February 1, 2006. The defendant followed a similar modus operandi in which he, in some form or another, used a note demanding currency with an instruction not to use the dye pack and indicated, in one form or another, that violence was an alternative in the

(1:06 cr 113)

context of a bomb or a gun but no bomb or gun was observed by any other tellers. The different victim banks numbered seven with a total loss of $19,958.

> The defendant stated, when interviewed, regarding his responsibility:
>
> > *"I committed the crimes which I did because I was supporting a heroin habit. I entered each bank and approached the teller and asked for the monies. I used no force or violence whatsoever, and I would like to apologize to all of my victims. And also apologize to this court."*

The defendant was born on April 11, 1955, and claims an associate degree in business administration while in prison in 1985. He also reports that he obtained his GED during the period of incarceration in 1981 and reports that he received a certificate for tailoring in 1978 while incarcerated.

The defendant has a limited employment history and reports he was last employed in the Minute Men Temporary Agency from March, 2005 to July, 2005.

The defendant has an extensive criminal record dating back to 1967 for breaking and entering while at the age of 11. The defendant has a record of 12 adult criminal convictions beginning in 1971 and continuing through 1979. None of those convictions result in criminal history points.

The defendant was found guilty following a jury trial in 1985 of the crimes of aggravated burglary, aggravated robbery, kidnaping, felonious assault, and gross sexual imposition as set forth in paragraph 114 in the presentence report. He was sentenced to prison on August 6, 1985, and released to parole on November 1, 2004.

(1:06 cr 113)

The defendant was arrested on December 22, 2005 for a drug offense in Elyria, Ohio and to which he plead guilty on May 16, 2006.

### (2) The Need for the Sentence Imposed

### (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

It is apparent that the defendant is a serious recidivist with no respect for the law and this difficulty is coupled with his addiction to drugs. It is apparent that the defendant, with his extensive criminal record and willingness to commit eight bank robberies, is a continuing danger to society. As a consequence, a lengthy sentence is required to reflect the seriousness of his conduct, to promote respect for the law and provide just punishment.

### (B) to afford adequate deterrence to criminal conduct;

For the reasons set forth under 2 A, a lengthy sentence is required to afford adequate deterrence to criminal conduct.

### (C) to protect the public from further crimes of the defendant;

The defendant has a serious history of recidivism which has not been abated even though he is in his sixth decade. A lengthy sentence is required to protect the public from further crimes, although the Court is pessimistic that the defendant will ever cease criminal conduct.

### (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The Court will recommend that the defendant be given the maximum opportunity to engage in drug rehabilitation while incarcerated. It is evident to the Court that if the defendant is released with a continuing addiction problem and is unable to cope with his addiction, he will

3

(1:06 cr 113)

return to a life of crime.  Possibly, the defendant will be given the opportunity, while incarcerated, to develop a trade that will enable him to become employable and to avoid addition.

## CONCLUSION

After considering the information set forth above and the additional provisions of 18 U.S.C. §3553(a)(4) and (5), the Court has determined that it should not vary from the Advisory Guideline Range and further finds that a sentence of 115 months is a reasonable sentence under the circumstances as outlined herein and a copy of this Memorandum Opinion shall be appended to the sentencing entry.

IT IS SO ORDERED.

| | |
|---|---|
| July 6, 2006 | /s/ David D. Dowd, Jr. |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |